# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-43J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| WARDEN DAUPHIN COUNTY | ) | |
| FACILITIES, SHIFT COMMANDER, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 14) be granted.

### II.  REPORT

James Patterson ("Patterson" or "Plaintiff") is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983.  Patterson alleges that he was assaulted by another, unidentified inmate while awaiting trial in the Dauphin County Prison.  He alleges that he was assaulted by an unknown inmate wielding a razor blade, and that his injury was a result of Defendants' failure to "properly secure single and straight razor blades" and to properly supervise the prison (Doc. 5).  Defendants have filed a motion to dismiss asserting that these allegations fail to state a claim under Section 1983 (Doc. 14).  Patterson was directed to respond to the motion and the Court granted his request for an extension of time to respond (Doc. 17).  Patterson's response was due on or before August 22, 2008.  To date, no response has been filed.

A. **Legal standards**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007), instructing that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In order to state a claim pursuant to 42 U.S.C. § 1983 Patterson must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

B. **Analysis**

State officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-7 (1984)). This same protection has been extended to pretrial detainees through the Fourteenth Amendment. Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997). To state a failure-to-protect claim under 42 U.S.C. § 1983, an inmate must show that: (1) he or she is objectively "incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendant knew of and disregarded that risk. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Therefore, in order to prevail on his 42 U.S.C. §1983 claim, Patterson must allege that an imminent threat to his health or life existed and that the defendants expressly intended to cause him harm or knowingly

disregarded a risk of harm. See Farmer, 511 U.S. at 837; Whitley v. Albers, 475 U.S. 312, 319 (1985).

Patterson's allegations cannot support an inference that defendants acted with the intent to cause him harm. Patterson makes no allegations from which a fact-finder could infer that any prison official was aware that Patterson was in danger of being assaulted. Nor does he allege facts that would support a finding that any prison official subjectively made a decision to disregard a known risk of harm. At most, Patterson alleges negligent supervision of inmates. Because is well established that the United States Constitution is not a "font of tort law," Patterson's allegations are insufficient to state a claim under §1983. County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998); Dial v. Murphy, 54 F.3d 776, 1995 WL 293888 (6th Cir. 1995) (mere negligence by prison officials which results in an inmate's fall on ice fails to state an Eighth Amendment claim); White v. Tyszkiewicz, 27 Fed.Appx. 314 (6th Cir. 2001) (same). As such, the motion to dismiss should be granted.

### III. CONCLUSION

For all of the forgoing reasons, Defendants' Motion to Dismiss should be granted. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 20, 2008.

November 3, 2008                                        s/ Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States Magistrate Judge

cc:
**JAMES PATTERSON**
HE-2559
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510